# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CLERK'S CERTIFICATE AND APPEALS COVER SHEET

### ABBREVIATED ELECTRONIC RECORD

Case Caption: _United States of America v. Albert Gonzalez_

District Court Number: _09-cr-10262_

Fee:    Paid?   Yes _____   No __X__   Government filer _____   *In Forma Pauperis* Yes _____   No __X__

Motions Pending      Yes __X__ No _____          Sealed documents      Yes __X__ No _____
*If yes, document #*   _22_                        *If yes, document #*   _6, 15, 16, 18, 19_

*Ex parte* documents   Yes _____ No _____         Transcripts           Yes _____ No _____
*If yes, document #*   _____               *If yes, document #*   _____

Notice of Appeal filed by: Plaintiff/Petitioner _____   Defendant/Respondent _____   Other: _____

Appeal from:        #42 Order

Other information:   Sealed 25,

I, Sarah Allison Thornton, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

   Notice of Appeal, #42 Order

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal, document # _43_, filed on _12/26/2012_.

   In testimony whereof, I hereunto set my hand and affix the seal of this Court on _12/26/2012_.

**SARAH ALLISON THORNTON**
Clerk of Court

Jeanette Ramos
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

### PLEASE RETURN TO THE USDC CLERK'S OFFICE

APPEAL

# United States District Court
## District of Massachusetts (Boston)
## CRIMINAL DOCKET FOR CASE #: 1:09−cr−10262−PBS All Defendants

Case title: USA v. Gonzalez

Other court case number:  08−cr−160 USDC Eastern District of New York

Related  Case:  1:11−cv−10502−PBS

Date Filed: 09/09/2009

Date Terminated: 04/06/2010

---

Assigned to: Judge Patti B. Saris

**Defendant (1)**

**Albert Gonzalez**
*TERMINATED: 04/06/2010*

represented by **Albert Gonzalez**
25702−050
MILAN
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160
PRO SE

**Martin G. Weinberg**
Martin G. Weinberg, PC
20 Park Plaza
Suite 1000
Boston, MA 02116
617−227−3700
Fax: 617−338−9538
Email: owlmcb@att.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Rene Palomino**
Law Offices of Rene Palomino, Jr.
46 NE 6th Street
Miami, FL 33132
305−373−4534
Email: rpjrlaw@msn.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:1349 and 3551 ATTEMPT AND
CONSPIRACY TO COMMIT MAIL
FRAUD

**Disposition**

ORIGINAL: Defendant is hereby committed to
the custody of the United States Marshal to be
imprisoned for a total term of 216 months, which

1

(1)                                          is to run concurrent with the 240 months imposed
                                             in 08cr10223−PBS. The court makes a
                                             recommendation that the defendant be designated
                                             to a low−security facility, if possible FCI−Miami,
                                             Florida or another low−security facility near
                                             Miami; also a recommendation to the 500 hour
                                             drug treatment program. The defendant is
                                             remanded to the custody of the United States
                                             Marshal. Upon release from imprisonment, the
                                             defendant shall be on supervised release for a term
                                             of 36 months, with conditions: no use of
                                             computers or other devices subject to U.S.
                                             Probation approval; mental health treatment; drug
                                             testing not to exceed 104/year; alcohol and drug
                                             counseling, in−patient if necessary; standard
                                             financial conditions. The $100.00 Special
                                             Assessment is due immediately. The $12,500.00
                                             Fine is to be paid out during the term of
                                             supervised release. The 584,288.47 Restitution is
                                             to be paid according to a plan established by U.S.
                                             Probation.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                          **Disposition**

18:1342(2) and 3551 FRAUD BY
WIRE, RADIO, OR TELEVISION                    Dismissed on government motion.
(2−5)

18:1029(b)(2), 1029(c)(1)(A)(i)and
3552 PRODUCES/TRAFFICS IN
COUNTERFEIT DEVICE                            Dismissed on government motion.
(6)

18:1029(b)(2), 1029(c)(1)(A)(i)and
3551 PRODUCES/TRAFFICS IN
COUNTERFEIT DEVICE                            Dismissed on government motion.
(7−9)

18:1028A (a)(1), 1028A(b)
1028A(c)(5, 2 and 3551 FRAUD
WITH IDENTIFICATION                           Dismissed on government motion.
DOCUMENTS
(10−12)

18:371 and 3551 CONSPIRACY TO
DEFRAUD THE UNITED STATES                     Dismissed on government motion.
(13)

18:1030(a)(2)(C), 1030(c)(2)(B), 2            Dismissed on government motion.
and 3551 FRAUD ACTIVITY
CONNECTED WITH COMPUTERS

(14−16)

18:1030(a)(4), 1030(c)(3)(A), 2 and
3551 FRAUD ACTIVITY
CONNECTED WITH COMPUTERS
(17−19)

Dismissed on government motion.

18:1030(a)(5)(A), 1030(a)(5)(B)(i),
1030(c)(4)(A), 2 and 3551 FRAUD
ACTIVITY CONNECTED WITH
COMPUTERS
(20−23)

Dismissed on government motion.

18:2511(i)(a), 2511(4)(a), 2 and 3551
INTERCEPTION AND
DISCLOSURE OF WIRE OR ORAL
COMMUNICATIONS
(24−27)

Dismissed on government motion.

**Highest Offense Level
(Terminated)**

Felony

**Complaints**                                    **Disposition**

None

**Plaintiff**

**USA**                    represented by  **Stephen P. Heymann**
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA 02210
617−748−3100
Email: Stephen.Heymann@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/09/2009 | 1 | | CONSENT TO TRANSFER JURISDICTION (Rule 20) from Eastern District of New York by Albert Gonzalez. (Attachments: # 1 Transfer Notice, # 2 Docket Sheet, # 3 Indictment)(Cummings, Mary) (Entered: 09/09/2009) |
| 09/11/2009 | | | Electronic Clerk Notes for proceedings held before Judge Patti B. Saris: Change of Plea Hearing as to Albert Gonzalez held on 9/11/2009. Plea entered by Albert Gonzalez Guilty Count 1. Sentencing set for 12/8/2009 at 2:00 PM in Courtroom 19 before Judge Patti B. Saris. (Court Reporter Lee Marzilli.)(Attorneys present: Heymann, Cabell, Peretti, Campos, Weinberg, Palomino) (Alba, Robert) (Entered: 09/11/2009) |

| | | | |
|---|---|---|---|
| 09/11/2009 | 2 | | PLEA AGREEMENT as to Albert Gonzalez (Heymann, Stephen) (Entered: 09/11/2009) |
| 09/11/2009 | 3 | | Judge Patti B. Saris: ORDER entered. PROCEDURAL ORDER re sentencing hearing as to Albert Gonzalez Sentencing set for 12/8/2009 02:00 PM in Courtroom 19 before Judge Patti B. Saris. (Patch, Christine) (Entered: 09/14/2009) |
| 11/03/2009 | | | ELECTRONIC NOTICE OF RESCHEDULING as to Albert Gonzalez. The Sentencing previously set for 12/8/2009 is RESCHEDULED to 12/21/2009 at 3:00 PM in Courtroom 19 before Judge Patti B. Saris to coincide with the sentencing in 08−CR−10223−PBS. (Alba, Robert) (Entered: 11/03/2009) |
| 12/08/2009 | 4 | | Joint MOTION to Consolidate Cases as to Albert Gonzalezby USA. (Heymann, Stephen) (Entered: 12/08/2009) |
| 12/09/2009 | | | Judge Patti B. Saris: Electronic ORDER entered denying 4 Joint MOTION to Consolidate Cases as to Albert Gonzalez by USA. "Denied. However, if it makes sense for me to continue the sentencing hearing to coordinate with Judge Woodlock's proceedings, I will do it." (Alba, Robert) (Entered: 12/10/2009) |
| 12/15/2009 | 5 | | MOTION to Continue *Sentencing* as to Albert Gonzalezby USA. (Heymann, Stephen) (Entered: 12/15/2009) |
| 12/15/2009 | 6 | | Sealed Document (Patch, Christine) (Entered: 12/16/2009) |
| 12/16/2009 | | | ELECTRONIC NOTICE CANCELING HEARING as to Albert Gonzalez. The Sentencing set for 12/21/09 is canceled. Sentencing to be rescheduled upon the Court's ruling on the Motion to Continue. (Alba, Robert) (Entered: 12/16/2009) |
| 12/17/2009 | 7 | | MOTION for Psychiatric Exam as to Albert Gonzalezby USA. (Heymann, Stephen) (Entered: 12/17/2009) |
| 12/17/2009 | | | Judge Patti B. Saris: Electronic ORDER entered allowing 5 Motion to Continue sentencing as to Albert Gonzalez. "Allowed. However, the Court does not yet address the request to have the expert interview defendant. The sentencing is continued to March 18, 2010 at 2:00 PM." (Alba, Robert) (Entered: 12/17/2009) |
| 12/17/2009 | 8 | | NOTICE OF ATTORNEY APPEARANCE: Martin G. Weinberg appearing for Albert Gonzalez (Weinberg, Martin) (Entered: 12/17/2009) |
| 12/21/2009 | | | Judge Patti B. Saris: Electronic ORDER entered denying 7 Motion for Psychiatric Exam as to Albert Gonzalez. "The motion for a psychiatric exam is denied without prejudice. The psychiatrist for the government shall inform the Court about needed areas of inquiry. I will then re−examine the issue." (Alba, Robert) (Entered: 12/21/2009) |
| 01/14/2010 | 9 | | Second MOTION for Psychiatric Exam as to Albert Gonzalezby USA. (Heymann, Stephen) (Entered: 01/14/2010) |
| 01/26/2010 | 10 | | Opposition by Albert Gonzalez re 9 Second MOTION for Psychiatric Exam (Weinberg, Martin) (Entered: 01/26/2010) |
| 01/26/2010 | | | |

| | | |
|---|---|---|
| | | Judge Patti B. Saris: Electronic ORDER entered granting 9 Motion for Psychiatric Exam as to Albert Gonzalez (1). "However, the government psychiatrist may not ask about the version of the offense in the absence of counsel. For the remainder, the proposed protective order will suffice. (See pp. 4−5)." (Patch, Christine) (Entered: 01/27/2010) |
| 02/18/2010 | | ELECTRONIC NOTICE OF RESCHEDULED SENTENCING as to Albert Gonzalez. The Sentencing previously set for 3/18/2010 is RESCHEDULED to 3/25/2010 at 2:00 PM in Courtroom 19 before Judge Patti B. Saris. (Alba, Robert) (Entered: 02/18/2010) |
| 03/18/2010 | 11 | MOTION for Leave to File *Sentencing Memorandum Over 20 Pages Long* as to Albert Gonzalez by USA. (Heymann, Stephen) (Entered: 03/18/2010) |
| 03/18/2010 | 12 | MOTION for Leave to File *Sentencing Memorandum Over 20 Pages Long* as to Albert Gonzalez by USA. (Heymann, Stephen) (Entered: 03/18/2010) |
| 03/18/2010 | 13 | SENTENCING MEMORANDUM by USA as to Albert Gonzalez (Attachments: # 1 Appendix B − Part 1, # 2 Appendix B − Part 2)(Heymann, Stephen) (Entered: 03/18/2010) |
| 03/18/2010 | 15 | SEALED MOTION as to Albert Gonzalez. (Patch, Christine) (Entered: 03/22/2010) |
| 03/18/2010 | 16 | SEALED MOTION as to Albert Gonzalez by USA. (Patch, Christine) (Entered: 03/22/2010) |
| 03/19/2010 | | Judge Patti B. Saris: Electronic ORDER entered granting 12 MOTION for Leave to File Sentencing Memorandum Over 20 Pages Long as to Albert Gonzalez by USA. (Alba, Robert) (Entered: 03/19/2010) |
| 03/19/2010 | 14 | MOTION for Guidance Concerning the Availability of Experts at Sentencing Hearing as to Albert Gonzalez by USA. (Heymann, Stephen) (Entered: 03/19/2010) |
| 03/22/2010 | 17 | SENTENCING MEMORANDUM by Albert Gonzalez (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Weinberg, Martin) (Entered: 03/22/2010) |
| 03/23/2010 | | Judge Patti B. Saris: Electronic ORDER entered denying 16 Sealed Motion as to Albert Gonzalez (1). "However, the government may redact the confidential information and publicly docket the redacted memo." (Patch, Christine) (Entered: 03/23/2010) |
| 03/23/2010 | 18 | SEALED MOTION as to Albert Gonzalez. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Patch, Christine) (Entered: 03/23/2010) |
| 03/24/2010 | | Judge Patti B. Saris: Electronic ORDER entered re 14 Motion for Guidance from the Court with Respect to the Sentencing Hearing as to Albert Gonzalez (1). "From my vantage point, the expert reports are sufficient. However, if counsel wish an evidentiary hearing, I would grant each expert a brief opportunity to make a presentation, i.e. 10 minutes for direct and 10 minutes for cross." (Patch, Christine) (Entered: 03/24/2010) |
| 03/25/2010 | | Judge Patti B. Saris: Electronic ORDER entered granting 15 Sealed Motion as |

| | | | |
|---|---|---|---|
| | | | to Albert Gonzalez (1) (Patch, Christine) (Entered: 03/25/2010) |
| 03/25/2010 | 19 | | Sealed Supplemental Submission Regarding Sentencing, filed by Albert Gonzalez. (Attachments: # 1 Exhibit Roth Report)(Patch, Christine) (Entered: 03/25/2010) |
| 03/25/2010 | | | ELECTRONIC Clerk's Notes for proceedings held before Judge Patti B. Saris:Sentencing held on 3/25/2010 for Albert Gonzalez (1), Count(s) 1. Court sentences defendant to 216 months imprisonment to run concurrent with sentence imposed in 08−CR−10223−PBS, 36 months supervised release w/conditions, $12,500 fine, $100 special assessment. Restitution to be determined. Defendant informed of right of appeal. Restitution Hearing set for 6/25/2010 at 2:00 PM in Courtroom 19 before Judge Patti B. Saris. (Attorneys present: Heymann, Cabell, Weinberg, Palomino, Homan)(P.O. Sinclair)Court Reporter Name and Contact or digital recording information: Lee Marzilli at 617−345−6787 (Alba, Robert) (Entered: 03/25/2010) |
| 04/06/2010 | 20 | | Judge Patti B. Saris: ORDER entered. JUDGMENT as to Albert Gonzalez (1), Count(s) 1, Defendant is hereby committed to the custody of the United States Marshal to be imprisoned for a total term of 216 months, which is to run concurrent with the 240 months imposed in 08cr10223−PBS. The court makes a recommendation that the defendant be designated to a low−security facility, if possible FCI−Miami, Florida or another low−security facility near Miami; also a recommendation to the 500 hour drug treatment program. The defendant is remanded to the custody of the United States Marshal. Upon release from imprisonment, the defendant shall be on supervised release for a term of 36 months, with conditions: no use of computers or other devices subject to U.S. Probation approval; mental health treatment; drug testing not to exceed 104/year; alcohol and drug counseling, in−patient if necessary; standard financial conditions. The $100.00 Special Assessment is due immediately. The $12,500.00 Fine is to be paid out during the term of supervised release.; Count(s) 10−12, 13, 14−16, 17−19, 2−5, 20−23, 24−27, 6, 7−9, Dismissed on government motion. (Patch, Christine) (Entered: 04/08/2010) |
| 04/22/2010 | 21 | | MOTION For Entry of Amounts of Restitution re 20 Judgment,,,, as to Albert Gonzalez by USA. (Heymann, Stephen) (Entered: 04/22/2010) |
| 04/23/2010 | 22 | | MOTION Supplement to Request for Entry of Amounts of Restitution re 20 Judgment,,,, 21 MOTION For Entry of Amounts of Restitution re 20 Judgment,,,, as to Albert Gonzalez by USA. (Heymann, Stephen) (Entered: 04/23/2010) |
| 04/26/2010 | 23 | | STATUS REPORT *Concerning Proposed Restitution* by USA as to Albert Gonzalez (Heymann, Stephen) (Entered: 04/26/2010) |
| 04/28/2010 | | | Judge Patti B. Saris: ELECTRONIC ORDER entered granting 21 Motion for Entry of Amounts of Restitution as to Albert Gonzalez (1). "The June 25, 2010 Hearing is canceled. Amended Judgment to issue." (Patch, Christine) (Entered: 04/29/2010) |
| 04/29/2010 | 24 | | Judge Patti B. Saris: ORDER entered. AMENDED JUDGMENT as to Albert Gonzalez (1), Count(s) 1: The $584,288.47 Restitution is to be paid according to a plan established by U.S. Probation.; Count(s) 10−12, 13, 14−16, 17−19, 2−5, 20−23, 24−27, 6, 7−9, Dismissed on government motion. (Patch, Christine) (Entered: 04/30/2010) |

| 08/09/2010 | | | Judge Patti B. Saris: ELECTRONIC ORDER entered granting 18 Sealed Motion as to Albert Gonzalez (1). "Allowed so long as a redacted version is on the public record." (Patch, Christine) (Entered: 08/10/2010) |
|---|---|---|---|
| 08/09/2010 | 25 | | SEALED RESPONSE TO SENTENCING MEMORANDUM by Albert Gonzalez (Patch, Christine) (Entered: 12/21/2010) |
| 08/10/2010 | | | Reopen Document as to Albert Gonzalez 18 SEALED MOTION (Patch, Christine) (Entered: 08/10/2010) |
| 01/27/2011 | 26 | | MOTION for Extension of Time to 6/28/11 to File 2255 as to Albert Gonzalez. (Attachments: # 1 Exhibit)(Patch, Christine) (Entered: 01/28/2011) |
| 02/10/2011 | 27 | | Opposition by USA as to Albert Gonzalez re 26 MOTION for Extension of Time to 6/28/11 to File 2255 (Heymann, Stephen) (Entered: 02/10/2011) |
| 02/25/2011 | 28 | | REPLY TO RESPONSE to Motion by Albert Gonzalez re 26 MOTION for Extension of Time to 6/28/11 to File 2255 (Gaudet, Jennifer) (Entered: 02/28/2011) |
| 03/24/2011 | 29 | | MOTION to Vacate under 28 U.S.C. 2255 as to Albert Gonzalez. (Attachments: # 1 Exhibits)(Danieli, Chris) Civil case 1:11−cv−10502−PBS opened. (Entered: 03/24/2011) |
| 03/24/2011 | 30 | | Judge Patti B. Saris: ORDER entered. SERVICE ORDER re 2255 Motion. Order entered pursuant to R.4 of the Rules governing Section 2255 cases for service on respondents. Answer/responsive pleading due w/in 21 days of receipt of this order. (Danieli, Chris) (Main Document 30 replaced on 4/5/2011) (Danieli, Chris). (Entered: 03/24/2011) |
| 03/24/2011 | | | Docket sheet sent to Albert Gonzalez (Danieli, Chris) (Entered: 03/24/2011) |
| 04/08/2011 | 31 | | MOTION For Order Regarding Waiver of Attorney−Client Privilege re 29 MOTION to Vacate under 28 U.S.C. 2255 as to Albert Gonzalez by USA. (Heymann, Stephen) (Entered: 04/08/2011) |
| 04/08/2011 | 32 | | MOTION for Extension of Time to Three Weeks After Order Regarding Waiver of Attorney−Client Privilege to File Response/Reply as to 29 MOTION to Vacate under 28 U.S.C. 2255 as to Albert Gonzalez by USA. (Heymann, Stephen) (Entered: 04/08/2011) |
| 04/25/2011 | 33 | | RESPONSE to Motion by Albert Gonzalez re 31 MOTION For Order Regarding Waiver of Attorney−Client Privilege re 29 MOTION to Vacate under 28 U.S.C. 2255 (Paine, Matthew) (Entered: 04/25/2011) |
| 04/28/2011 | | | Judge Patti B. Saris: ELECTRONIC ORDER entered finding as moot 26 Motion for Extension of Time to File as to Albert Gonzalez (1) (Molloy, Maryellen) (Entered: 04/28/2011) |
| 05/24/2011 | 34 | | Letter (non−motion) regarding Request for Copies of Unreported Opinions as to Albert Gonzalez (Heymann, Stephen) (Entered: 05/24/2011) |
| 06/06/2011 | 35 | | RESPONSE to Motion by Albert Gonzalez re 31 MOTION For Order Regarding Waiver of Attorney−Client Privilege re 29 MOTION to Vacate under 28 U.S.C. 2255. (Attachments: # 1 Exhibit A)(Anderson, Jennifer) (Entered: 06/06/2011) |

| 06/17/2011 | 36 | | Judge Patti B. Saris: ORDER entered granting 31 Motion For Order Regarding Waiver of Attorney−Client Privilege as to Albert Gonzalez (1). "ALLOWED without opposition." (Anderson, Jennifer) (Entered: 06/17/2011) |
|---|---|---|---|
| 07/06/2011 | 37 | | MOTION for Extension of Time to File Response/Reply as to 29 MOTION to Vacate under 28 U.S.C. 2255 as to Albert Gonzalez by USA. (Attachments: # 1 Exhibit)(Heymann, Stephen) (Entered: 07/06/2011) |
| 07/07/2011 | | | Judge Patti B. Saris: ELECTRONIC ORDER entered granting 37 Motion for Extension of Time to File Response/Reply as to Albert Gonzalez (1) (Molloy, Maryellen) (Entered: 07/07/2011) |
| 11/30/2011 | 38 | | MOTION for Extension of Time to December 8, 2011 to File Response/Reply as to 29 MOTION to Vacate under 28 U.S.C. 2255 as to Albert Gonzalez by USA. (Heymann, Stephen) (Entered: 11/30/2011) |
| 12/02/2011 | | | Judge Patti B. Saris: ELECTRONIC ORDER entered GRANTING 38 Motion for Extension of Time to File Response/Reply as to Albert Gonzalez (1). (Anderson, Jennifer) (Entered: 12/02/2011) |
| 12/02/2011 | | | Reset Deadlines re Motion or Report and Recommendation in case as to Albert Gonzalez 29 MOTION to Vacate under 28 U.S.C. 2255. Responses due by 12/8/2011. (Anderson, Jennifer) (Entered: 12/02/2011) |
| 12/06/2011 | 39 | | RESPONSE to Motion by USA as to Albert Gonzalez re 29 MOTION to Vacate under 28 U.S.C. 2255 (Attachments: # 1 Exhibit One, # 2 Exhibit Two, # 3 Exhibit Three, # 4 Exhibit Four, # 5 Exhibit Five, # 6 Exhibit Six, # 7 Exhibit Seven, # 8 Exhibit Eight, # 9 Exhibit Nine, # 10 Exhibit Ten, # 11 Exhibit Eleven, # 12 Exhibit Twelve)(Heymann, Stephen) (Main Document 39 replaced on 12/7/2011) (Anderson, Jennifer). (Entered: 12/06/2011) |
| 12/07/2011 | | | ELECTRONIC NOTICE issued requesting courtesy copy for 39 Response to Motion, as to Albert Gonzalez Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office by 12/16/2011. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (Anderson, Jennifer) (Entered: 12/07/2011) |
| 12/30/2011 | 40 | | MOTION for Extension of Time to 1/15/2012 to File Response/Reply as to 29 MOTION to Vacate under 28 U.S.C. 2255, 39 Response to Motion, as to Albert Gonzalez. (Anderson, Jennifer) (Entered: 12/30/2011) |
| 01/04/2012 | | | Judge Patti B. Saris: ELECTRONIC ORDER entered GRANTING 40 Motion for Extension of Time to File Response/Reply as to Albert Gonzalez (1). Reply due 1/17/2012. (Anderson, Jennifer) Modified docket text on 1/4/2012 (Anderson, Jennifer). (Entered: 01/04/2012) |
| 01/04/2012 | | | Reset Deadlines re Motion or Report and Recommendation in case as to Albert Gonzalez 29 MOTION to Vacate under 28 U.S.C. 2255. Replies due by 1/17/2012. (Anderson, Jennifer) (Entered: 01/04/2012) |
| 01/17/2012 | 41 | | REPLY TO RESPONSE to Motion by Albert Gonzalez re 29 MOTION to Vacate under 28 U.S.C. 2255. (Attachments: # 1 Exhibit A)(Anderson, Jennifer) (Entered: 01/18/2012) |
| 11/08/2012 | 42 | 10 | |

| | | | |
|---|---|---|---|
| | | | Judge Patti B. Saris: MEMORANDUM AND ORDER entered DENYING 29 Motion to Vacate (2255) as to Albert Gonzalez (1). "ORDER: The petition (Doc. No. 29 ) is DENIED. I DENY a Certificate of Appealability." (Anderson, Jennifer) Civil Case 1:11−cv−10502−PBS closed. (Entered: 11/08/2012) |
| 12/26/2012 | 43 | 24 | NOTICE OF APPEAL by Albert Gonzalez re 42 Order on Motion to Vacate (2255). NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/efiling.htm. US District Court Clerk to deliver official record to Court of Appeals by 1/15/2013. (Attachments: # 1 Docket Statement)(Anderson, Jennifer) (Entered: 12/26/2012)** |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Albert Gonzalez | ) | Criminal No. 08-10223-PBS |
| Petitioner, | ) | 09-10262-PBS |
| | ) | |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

November 8, 2012

**Saris, U.S.D.J.**

**I. Introduction**

Pro se Petitioner Albert Gonzalez has moved for habeas corpus, stating four grounds for relief: 1) his guilty plea was induced by a promise that his three cases would be heard by the same judge; 2) counsel provided ineffective assistance by not presenting a public authority defense; 3) counsel provided ineffective assistance by failing to file a motion to suppress evidence allegedly obtained through torture; and 4) counsel failed to file a notice of appeal after the petitioner requested such notice be filed.[1]  He has requested an evidentiary hearing. For the reasons set forth below, the Court **DENIES** Gonzalez's petition without an evidentiary hearing.

---

[1]  He also filed a similar petition in the so-called "Heartland" case, Criminal No. 09-10382-DPW.

1

## II. Background

1.  <u>Shadow Ops</u>

In his petition and affidavit, Gonzalez alleges the following facts, many of which are disputed.  In 2003, following his arrest for access device fraud, Gonzalez became a confidential informant for the United States Secret Service. Between 2003 and 2008, he went on to commit a variety of computer crimes, identity thefts, and fraud.  Secret Service agents, including his primary handler, Agent Ward, authorized Gonzalez to commit many of these criminal acts as part of different covert operations, including operation "Shadow Ops."  He claims his crimes were designed to gain the trust and confidence of international cyber-criminals.

In 2007, Secret Service agents worked in concert with the Turkish National Police to arrest one of these international cyber-criminals, Maksym Yastremskiy, in Antalya, Turkey.  On July 25, 2007, the police seized a Lamborghini laptop computer belonging to Yastremskiy.  Unable to gain access to parts of the laptop, on July 26, 2007, the police in Turkey tortured Yastremskiy until he revealed the pass phrase.  The laptop contained encrypted containers ultimately inculpating Gonzalez in Yastremskiy's cyber-crime organization.

2.  <u>Post-Indictment</u>

Less than one year later, on May 14, 2008, Gonzalez and
Yastremskiy were indicted in the Eastern District of New York
("Dave and Buster's case").  Gonzalez would go on to be indicted
for other cyber-crimes in the District of Massachusets ("TJX
case") on Aug. 5, 2008 and the District of New Jersey ("the
Heartland case") on Aug. 17, 2009.  Following his arrest,
Gonzalez asked the Secret Service to call his handlers to verify
he was an active confidential informant.  After the agents
ignored his claims, Gonzalez says he explained to his attorneys
that as an informant, he had been instructed and authorized to
engage in the illegal activity for which he was now being
prosecuted.

Sometime between May 2008 and early July 2009, Gonzalez
further informed his attorneys about the torture of Maksym
Yastremskiy.  In response to Gonzalez's allegations, his attorney
in New York, Mr. Rene Palomino, asked whether Gonzalez's family
had money to pay for the investigation expenses of traveling to
Turkey to investigate and interview witnesses.  Mr. Palomino
contacted Gonzalez's mother to ask her if the family had money to
pay for the expenses of this trip.  This conversation between Mr.
Palomino and Ms. Gonzalez took place in the first part of July
2009.  After he discovered neither Gonzalez nor his family could
pay for an investigatory trip to Turkey, Mr. Palomino informed

3

Gonzalez that without an affidavit from Mr. Yastremskiy, he could
not file a motion to suppress the evidence.  Though counsel did
not file a motion to suppress, he did litigate the matter in New
York through letter briefs in opposition to the government's
Motion *In Limine* For Admission of Foreign Computer Evidence.  The
parties reached a plea agreement before the court issued a
ruling.

The Dave and Buster's and Heartland cases were ultimately
transferred to the District of Massachusetts pursuant to plea
agreements.  See Mass. Plea Agreement ¶ 5, Aug. 24, 2009 (Doc.
No. 137, Ex. 2).  Under the binding plea agreements, the
petitioner waived his right to directly appeal or collaterally
attack any sentence of 25 years of imprisonment or less.

When the case arrived in Massachusetts from the Eastern
District of New York, it was randomly assigned to me.  As
promised, the United States Attorney joined in a subsequent
motion to assign the New Jersey case to the same judge.  On
September 8, 2009, that motion was denied under a local rule
mandating random assignment of cases.  Three days later, pursuant
to the plea agreements in Massachusetts and New York, Gonzalez
pled guilty to one count of conspiracy, five counts of damage to
computer systems, four counts of wire fraud, five counts of
access device fraud, and four counts of aggravated identity
theft.  On March 25, 2010, the Court imposed a term of

4

incarceration of 20 years.  The New Jersey case was ultimately
assigned to another judge of this court (Woodlock, J.) who
imposed a term of incarceration of 20 years and one day.  This
sentence ran concurrently with my sentence.

Gonzalez alleges that following the sentencing, he
instructed his attorneys to file a Notice of Appeal.  His
attorneys have submitted affidavits denying this contention.

### III. Analysis

Section 2255 "provides for post-conviction relief in four
instances, namely, if the petitioner's sentence (1) was imposed
in violation of the Constitution, or (2) was imposed by a
court that lacked jurisdiction, or (3) exceeded the statutory
maximum, or (4) was otherwise subject to collateral attack."
David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing
Hill v. United States, 368 U.S. 424, 426-27 (1962)).  The
petitioner bears the burden of establishing the need for section
2255 relief, as well as that of showing the need for an
evidentiary hearing.  See Barrett v. United States, 965 F.2d
1184, 1186 (1st Cir. 1992).  An evidentiary hearing is not
required where the section 2255 petition, any accompanying
exhibits, and the record evidence "plainly [reveal] . . . that
the movant is not entitled to relief."  Id. (quoting Rule 4(b),
Rules Governing § 2255 Proceedings).  Summary dismissal of a
section 2255 claim is appropriate when the petition (1) is

inadequate on its face, or (2) although facially adequate, is
conclusively contradicted as to the alleged facts by the files
and records of the case.  Id.

1.  Ground One - Inducement of Guilty Plea

Gonzalez's first claim is that his guilty plea was not
knowing and voluntary because his lawyer and the government made
the false promise that all three cases would be in one district,
before one judge and resulting in one sentence.  The
Massachusetts plea agreement promises only that the United States
Attorney would "join in a motion to have any transferred case
sentenced before the same judge ..." and explicitly mentions the
possibility of that motion being denied.  See Mass. Plea
Agreement § 5 (Doc. No. 137 ex. 2) ("Defendant expressly
understands that he may not withdraw his plea of guilty should
this motion ... be denied").  Gonzalez stated under oath that he
read, discussed, and understood the plea agreements, and that no
one had made any promises apart from those in the agreements.
See Rule 11 Hr'g at 7-11 (Doc. No. 58).

The promised joint motion was denied three days before he
pled guilty on Sept. 11, 2009.  See Electronic Order, Sept. 8,
2009.  During the hearing in which Gonzalez pled guilty, the
Court specifically mentioned this outcome stating that "as much
as it makes a huge amount of sense to have me take these cases,
it was by ... serendipity that it ended up here, but the next one

6

might not." Rule 11 Hr'g at 54 (Doc. No. 58). But Gonzalez did not voice dissatisfaction with this arrangement until after sentencing, more than six months later. Petition at 5 (Doc. No. 121). Additionally, Gonzalez has failed to demonstrate significant prejudice arising from Judge Woodlock's concurrent sentence of 20 years and one day. Because Gonzalez's inducement claim is contradicted by the record, the Court denies it without an evidentiary hearing.

2.   <u>Ground Two - Public Authority Defense</u>

Gonzalez alleges his attorneys were ineffective in failing to present a public authority defense. Specifically, Gonzalez claims he was a confidential informant and as an informant, Secret Service agents, including his primary handler, Agent Ward, authorized him to commit the relevant criminal acts as part of operation "Shadow Ops."

The public authority defense "applies where the conduct of the defendant was undertaken at the behest of a government official with power to authorize the [criminal activity]." <u>United States v. Cao</u>, 471 F.3d 1, 4 (1st Cir. 2006). This power must be actual, because the "'defense' of apparent public authority is . . . . not a defense at all." <u>United States v. Holmquist</u>, 36 F.3d 154, 161 n.6 (1st Cir. 1994).

The First Circuit has made clear that government agents do not have the power to unilaterally authorize "extraordinary"

7

criminal activities which involve "severe financial loss to a victim" without obtaining written approval from the United States Attorney.  United States v. Flemmi, 225 F.3d 78, 89 (1st Cir. 2000).  The government contends Gonzalez caused hundreds of millions of dollars in financial losses from the theft of over 40 million credit and debit card numbers involving companies like TJX and Dave and Buster's.  This was not disputed at sentencing.  Gonzalez does not claim the United States Attorney ever provided written authorization for the relevant criminal activities.  Moreover, even if agents could have authorized the conduct, Gonzalez's own factual assertions undermine his present allegation that the agents authorized his criminal conduct underlying the crime for which he was sentenced.  Before being sentenced in the TJX case, Gonzalez stated, "I'm guilty of not only exploiting computer networks but exploiting personal relationships, particularly one I had with a particular agency who believed in me." (Doc. No. 137, Ex. 11 at 33).  He also said in his petition that the government did not know of his involvement in Yastremskiy's cybercrime organization (Memo at 15). Petitioner can't have it both ways.

Because Gonzalez fails to demonstrate a viable public authority defense, the alleged failure of counsel to present such a defense does not constitute ineffective assistance of counsel.

Therefore, Ground Two is insufficient on its face and is denied without an evidentiary hearing.

3.   Ground Three – Motion to Suppress

Gonzalez alleges his attorneys provided ineffective assistance of counsel by failing to file a motion to suppress evidence obtained as a result of the TNP's alleged torture of a third party, Maksym Yastremskiy, in Turkey.  The government argues Gonzalez lacked standing to file the motion, and chose to forgo this litigation strategy, which his attorneys discussed with him, in favor of pursuing a multi-district plea agreement. The government points out that Gonzalez's counsel, Rene Palomino, did brief this issue extensively in the Dave and Buster's case while it was pending in the Eastern District of New York.  His Massachusetts counsel, Martin Weinberg, Esq., also addressed the possible issues with him.

A defendant generally does not have standing to challenge evidence under the Due Process Clause simply because government misconduct caused conscience-shocking harm to a third party.  See United States v. Payner, 447 U.S. 727, 735 (1980); United States v. Santana, 6 F.3d 1, 8-9 (1st Cir. 1993)(suggesting that a due process defense based on outrageous government misconduct is not available if the misconduct only harmed third parties, but not the defendant); cf. United States v. Noriega, 117 F.3d 1206, 1214 (11th Cir. 1997) (killing Panamanian civilians during seizure of

defendant cannot support defendant's due process claim). Instead, the limitations of the Due Process Clause only become relevant if the government activity in question violates some protected right of the defendant, such as the right to a fair trial. See Payner, 447 U.S. at 737 n.9. Courts have recognized that a defendant's right to a fair trial could be violated if unreliable evidence, such as a confession, is obtained through coercion of a third party. See, e.g., Buckley v. Fitzsimmons, 20 F.3d 789, 795 (7th Cir. 1994) ("Confessions wrung out of their makers may be less reliable than voluntary confessions, so that using one person's coerced confession at another's trial violates his rights under the due process clause.").

Here, Gonzalez makes no allegations that Yastremskiy's torture led to the recovery of unreliable evidence. Instead, he alleges Yastremskiy's torture yielded an accurate computer password that led to inculpatory information. A defendant cannot prove prejudice without proving a reasonable probability of suppression. See Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). Because he has not proved a reasonable probability of suppression, Gonzalez fails to state a claim for ineffective assistance of counsel.

10

4.  <u>Ground Four - Notice of Appeal</u>

Gonzalez alleges he instructed his attorneys to file a
Notice of Appeal immediately after he was sentenced, but, without
his knowledge or consent, they decided not to do so.  Generally,
an attorney's failure to file an appeal upon being instructed to
do so by his client constitutes professionally deficient
performance.  <u>See</u> <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000).
However, in situations where the defendant waived the right to
appeal in a plea agreement, ineffectiveness of counsel in not
pursuing a waived appeal is "less than clear."  <u>United States v.
Mabry</u>, 536 F.3d 231, 244 (3d Cir. 2008); <u>see id.</u> at 240-242
(discussing circuit split).  The majority rule appears to be that
"even when a defendant waives all or most of his right to appeal,
an attorney who fails to file an appeal that a criminal defendant
explicitly requests, has, as a matter of law, provided
ineffective assistance of counsel that entitles the defendant to
relief in the form of a delayed appeal."  <u>Campbell v. United
States</u>, 686 F.3d 353, 360 (6th Cir. 2012); <u>see</u> <u>Campusano v.
United States</u>, 442 F.3d 770, 773 (2d Cir. 2006); <u>but see</u> <u>Nunez v.
United States</u>, 546 F.3d 450, 456 (7th Cir. 2008).  The First
Circuit has not yet directly ruled on this issue.

Assuming (without deciding) that the majority rule governs
here, petitioner's claim nonetheless fails.  Both of Gonzalez's
experienced attorneys indicated he did not ask them to file a

11

20

notice of appeal.  Mr. Palomino stated, "Albert Gonzalez did not ask me to file a notice of appeal on his behalf in any of the criminal cases."  Palomino Aff. ¶ 3 (Doc. No. 137 ex. 6). Similarly, Mr. Weinberg noted, "Had I understood that Mr. Gonzalez wanted to file a Notice of Appeal (or had I been 'directed' to file one within the time frame allowed by Fed. R. App. P. 4 for such filings), I would have acted accordingly." Letter from Martin Weinberg to Stephen Heymann (Nov. 10, 2011) ¶ 1 (Doc. No. 137 ex. 7).  The question is whether this fact dispute necessitates an evidentiary hearing.

Gonzalez fails to provide any corroboration for his claims. Cf. United States v. Butt, 731 F.2d 75, 78, 80 n.5 (1st Cir. 1984)(claims of attorney misrepresentations usually require independent corroboration).  In some situations, evidentiary hearings have been granted when a defendant claims that in addition to requesting that his attorney appeal, he repeatedly called his attorney to follow up on his request.  See, e.g., Rodriguez v. United States, 741 F. Supp. 2d 344, 346 (D. Mass. 2010).  Gonzalez makes no such claim, and in his only reported contact with his attorneys after sentencing, Gonzalez makes no mention of his alleged prior request.  See Exhibits in Supp. of § 2255 Mot. at 10-11 (Doc. No. 121-1).  He simply claims he wasn't consulted.

12

When a defendant receives the sentence recommended by his plea bargain, his subsequent contested allegation that he asked his attorney to appeal is "highly implausible." Zanuccoli v. United States, 459 F. Supp. 2d 109, 111-12 (D. Mass. 2006). Gonzalez's 20-year sentence fell squarely within the jointly recommended range of 15 to 25 years. See Sentencing at 36 (Doc. No. 94). Gonzalez had waived his right to appeal a sentence within that range. See Rule 11 Hr'g at 15 (Doc. No. 58). Gonzalez stated he understood he had waived that right. Id. at 43. The court informed Gonzalez of his right to appeal his sentence on March 25, 2010, and again on March 26, 2010.

After a review of the record, the Court concludes that Gonzalez's claim that he instructed his attorneys to file a notice of appeal is inherently incredible because 1) it is contradicted by two attorneys, 2) it is not supported by any corroborating evidence, 3) the Court imposed a sentence midpoint in the jointly recommended range in a plea agreement that contained an appeal waiver, and 4) the defendant waited until almost one year after sentencing before making any allegation he asked his attorneys to file a notice of appeal. Moreover, petitioner does not contend that the waiver of the right to appeal was not knowing and voluntary, and there is no evidence of a miscarriage of justice. Cf. Hernandez v. Reno, 238 F.3d 50, 57 (1st Cir. 2001) (finding it unbelievable that a defendant would sit on his hands for years rather than monitor his lawyer's

13

actions and assure his appeal was being pursued).  Accordingly,
this claim is denied without an evidentiary hearing.

### IV. Order

The petition (Doc. No. 29) is **<u>DENIED</u>**. I **DENY** a Certificate
of Appealability.


<u>/s/ PATTI B. SARIS</u>
PATTI B. SARIS
United States District Judge

14

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALBERT GONZALEZ,                    )
                    Petitioner,     )
                                    )
        v.                          )    Case No. 1:09 cr-10223-PBS
                                    )              08-cr-10262-PBS
                                    )
UNITED STATES OF AMERICA,           )
                    Respondant.     )    Judge Patti B. Saris

## NOTICE OF APPEAL

The above named Petitioner Albert Gonzalez pro se hereby

gives notice that he appeals to the United States Court of

Appeals for the Second Circuit from the final judgment of the

District Court entered on **11/8/2012**, denying petitioner's motion

under 28 U.S.C. §2255.

_____
Albert Gonzalez, petitioner, pro se.

Albert Gonzalez
#25702-050
Federal Correctional Institution
P.O.Box 1000
Milan, Michigan. 48160

## Certificate Of Service

I, Albert Gonzalez, swear under the penalty of perjury that
I have mailed a copy of my Notice Of Appeal, and Docket Statement,
to Stephen P. Heymann, Assistant United States Attorney, 1 Courthouse
Way, U.S. Courthouse, Boston, Massachusetts, 02210, this _____
day of _____, 2012

Albert Gonzalez
#25702-050
Federal Correctional Institution
P.O.BOx 1000
MIlan, Michigan. 48160

## Certificate Of Mailing

I, Albert Gonzalez, swear under penalty of perjury that I
have mailed to original and two copies of my Notice Of Appeal,
and Docket Statement to the Clerk, United States District Court
U.S. Courthouse, 1 Courthouse Way, Suite 2300, BOston Massachuetts
02210, by placing said pleadings in a legal envelope with sufficient
first-class postage attached and deposited same in U.S. Postal
Mail Box, on _____, 2012. (28 USC 1746).

Albert Gonzalez
#25702-050
Federal Correctional Institution
P.O.Box 1000
Milan, Michigan. 48160

2.

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

ALBERT GONZALEZ,                    )    Appeal from the United States
    Petitioner-Appellant,       )    District Court for the District
                                )    of Massachusetts.
                                )
    v.                          )    Case No's. 09-10223-PBS
                                )              08-10262-PBS
                                )
UNITED STATES OF AMERICA,            )    Judge Patti B. Siris, Presiding.
    Respondant-Appellee.        )

## DOCKET STATEMENT

The Petitioner-Appellant Albert Gonzalez <u>pro se</u>, pursuant
to Circuit Rule 3, presents the Court with the following required
Docket Statement:

On 3-24-2011, petitioner filed a motion under 28 U.S.C. §2255
to vacate, set aside or correct sentence.

On 3-24-2011, the district court ordered the Respondant to
file an answer to petitioner's 2255 motion.

On 12-6-2011, the Respondant filed the required answer.

On 11/8/2012 the district court entered an Order Denying
petitioners §2255 motion, and denying a Certificate of Appealability.

The district court had jurisdiction under 28 U.S.C. §§§1331,
2255, 2253. The petitioner-appellant has file a timely notice of
appeal invoking this court's jurisdiction under 28 U.S.C. §1291.

_____
Albert Gonzalez,

Albert Gonzalez
#25702-050
Federal Correctional Institution
P.O.Box 1000
Milan, Michigan. 48160

1.